GEORGIA ATHLETIC CLUB v. CITY OF ATLANTA et al.

BECK, J. Georgia Athletic Club brought its equitable petition against the City of Atlanta, the recorder, and the chief of police, seeking to enjoin the city and the said officers from further prosecuting a case made against one of petitioner's officers in the municipal court, and from making other cases against petitioner, its officers, agents, and employees, for the violation of the ordinance of the city relative to locker-clubs, which required them to obtain a permit from the city before commencing to operate a club as a locker-club. Petitioner alleged that it

had paid the locker-club tax prescribed in § 933 of the Civil Code. It also alleged that the club-rooms had been furnished and fitted up as such for the use of its members, at great expense. The ordinance was attacked as invalid on numerous grounds, among others, that it violated certain provisions of the constitutions of the State of Georgia and of the United States. Among other defenses urged was the contention "that the alleged club, claimed to be operated by Gavaghan [the president of the club], is a mere subterfuge for the operation of a barroom or place at which intoxicants can be secured," and that the defendants "deny that petitioner is a bona fide organization, but aver that they operate a place at which whisky is kept and at which whisky is sold, and that they have adopted this method which is the merest subterfuge to evade the law; and these defendants deny this is a bona fide locker-club in any respect." Evidence was submitted, tending to establish the truth of that portion of the defendants' answer which is specifically set out above, and authorizing the court to hold that this defense was true. *Held:*

1. That, irrespective of the questions raised as to the validity of the ordinance for the violation of which the prosecutions have been instituted and are threatened, and as to whether the court should enjoin prosecutions under an ordinance in the nature of a criminal law, the court did not abuse its discretion in refusing the injunction.
2. The evidence rejected by the court was not of such materiality as to affect the real issue in the case.

*Judgment affirmed. All the Justices concur.*

DECEMBER 13, 1912. REHEARING DENIED JANUARY 24, 1913.

Petition for injunction. Before Judge Pendleton. Fulton superior court. May 30, 1912.

*Gober, Jackson & Smith* and *Morris Macks,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendants.